**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
Eduardo Nieves, and Veronica Ramirez *on behalf*
*of themselves and others similarly situated in  the*
*proposed FLSA Collective Action,*

Case No.:

                                             *Plaintiffs*,

**Jury Trial Demanded**

- against -

**COMPLAINT**

Vanderleigh Properties, LLC, 7 of 8 Realty Co.
LLC, Jayden 65 Co. LLC, Loqutis 80 Co. LLC,
Praxis Realty Co. LLC, Henry Moses, Jr. (a/k/a
Skip Moses), Robert Moses, and Kelvin Trevino,

                                             *Defendants*.
------------------------------------------------------------X

Plaintiffs Eduardo Nieves ("Nieves"), and Veronica Ramirez ("Ramirez", and collectively, the "Plaintiffs") on behalf of themselves and others similarly situated, by and through their attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to themselves and upon information and belief as to others, brings this complaint against Defendants Vanderleigh Properties, LLC, 7 of 8 Realty Co. LLC, Jayden 65 Co. LLC, Loqutis 80 Co. LLC, Praxis Realty Co. LLC (collectively, the "Corporate Defendants"), Henry Moses, Jr. (a/k/a Skip Moses), Robert Moses, and Kelvin Trevino (collectively, the "Individual Defendants", and with the Corporate Defendants, the "Defendants") and state as follows:

## NATURE OF THE ACTION

1.    Defendants are the owners and operators of a real estate holding and maintenance company, that has been in business for over 18 years.

2.    Plaintiffs worked for Defendants as janitorial workers. Throughout the court of their employment, both Plaintiffs have been exploited by Defendants' company-wide policy and practice of wage theft.

1

3.     Plaintiffs bring this lawsuit seeking recovery, for themselves and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

4.      Plaintiffs seek injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, unpaid spread-of-hours, unlawfully deducted wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

5.     The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

6.     This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because their claims arise under the FLSA.

7.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**EDUARDO NIEVES**

8.     Plaintiff Nieves was employed as a janitorial worker at Defendants' real estate holding and maintenance companies from on or around January 2013 through and including the present date.

9.     Plaintiff Nieves was employed as a non-managerial employee at Defendants' real

estate holding and maintenance companies from on or around January 2013 through and including the present date.

10.     At all relevant times, Plaintiff Nieves has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF VERONICA RAMIREZ**

11.     Plaintiff Ramirez is a resident of Queens, New York.

12.     Plaintiff Ramirez was employed as a janitorial worker at Defendants' real estate holding and maintenance companies from on or around January 2019 through and including the present date.

13.     Plaintiff Ramirez was employed as a non-managerial employee at Defendants' real estate holding and maintenance companies from on or around January 2019 through and including the present date.

14.     At all relevant times, Plaintiff Ramirez has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT VANDERLEIGH PROPERTIES, LLC**

15.     Upon information and belief, Defendant Vanderleigh Properties, LLC is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 66 Marbledale Rd., Tuckahoe, NY 10707.

16.     At all times relevant to this Complaint, Defendant Vanderleigh Properties, LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to

have an annual gross volume of sales of not less than $500,000.00.

17.     At all times relevant to this Complaint, Defendant Vanderleigh Properties, LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

18.     At all times relevant to this Complaint, Defendant Vanderleigh Properties, LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT 7 OF 8 REALTY CO. LLC**

19.     Upon information and belief, Defendant 7 of 8 Realty Co. LLC is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 66 Marbledale Rd., Tuckahoe, NY 10707.

20.     At all times relevant to this Complaint, Defendant 7 of 8 Realty Co. LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

21.     At all times relevant to this Complaint, Defendant 7 of 8 Realty Co. LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

22.     At all times relevant to this Complaint, Defendant 7 of 8 Realty Co. LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT JAYDEN 65 CO. LLC**

23.     Upon information and belief, Defendant Jayden 65 Co. LLC is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 66 Marbledale Rd., Tuckahoe, NY 10707.

24.     At all times relevant to this Complaint, Defendant Jayden 65 Co. LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

25.     At all times relevant to this Complaint, Defendant Jayden 65 Co. LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

26.     At all times relevant to this Complaint, Defendant Jayden 65 Co. LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT LOQUTIS 80 CO. LLC**

27.     Upon information and belief, Defendant Loqutis 80 Co. LLC is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 66 Marbledale Rd., Tuckahoe, NY 10707.

28.     At all times relevant to this Complaint, Defendant Loqutis 80 Co. LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services

for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

29.     At all times relevant to this Complaint, Defendant Loqutis 80 Co. LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

30.     At all times relevant to this Complaint, Defendant Loqutis 80 Co. LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT PRAXIS REALTY CO. LLC**

31.     Upon information and belief, Defendant Praxis Realty Co. LLC is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 66 Marbledale Rd., Tuckahoe, NY 10707.

32.     At all times relevant to this Complaint, Defendant Praxis Realty Co. LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

33.     At all times relevant to this Complaint, Defendant Praxis Realty Co. LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

34.     At all times relevant to this Complaint, Defendant Praxis Realty Co. LLC was and

is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT HENRY MOSES, JR. (A/K/A SKIP MOSES)**

35.     Defendant Henry Moses, Jr. (a/k/a Skip Moses) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

36.     Defendant Henry Moses, Jr. (a/k/a Skip Moses) is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

37.     Defendant Henry Moses, Jr. (a/k/a Skip Moses) possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

38.     Defendant Henry Moses, Jr. (a/k/a Skip Moses) determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

39.     At all times relevant to this Complaint, Defendant Henry Moses, Jr. (a/k/a Skip Moses) was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT ROBERT MOSES**

40.     Defendant Robert Moses is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

41.     Defendant Robert Moses is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

42.     Defendant Robert Moses possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

43.     Defendant Robert Moses determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

44.     At all times relevant to this Complaint, Defendant Robert Moses was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT KELVIN TREVINO**

45.     Defendant Kelvin Trevino is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

46.     Defendant Kelvin Trevino is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

47.     Defendant Kelvin Trevino possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

48.     Defendant Kelvin Trevino determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

49.     At all times relevant to this Complaint, Defendant Kelvin Trevino was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

50.     Defendants own, operate and/or control a group of real estate holding and maintenance companies primarily doing business as "Vanderleigh Properties", located at 66 Marbledale Rd., Tuckahoe, NY 10707.

51.     The Individual Defendants possess operational control over the Corporate Defendants, possesses an ownership interest in the Corporate Defendants, and controls significant functions of the Corporate Defendants.

52.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

53.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

54.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

55.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

56.     Upon information and belief, the Individual Defendants operate the Corporate Defendants as either an alter ego of themselves, and/or fails to operate the Corporate Defendants as entities legally separate and apart from themselves, by, among other things:

a.     failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as separate and legally distinct entities;

b.     defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

9

c.      transferring assets and debts freely as between all Defendants;

d.      operating the Corporate Defendants for their own benefit as the majority shareholders;

e.      operating the Corporate Defendants for their own benefit and maintaining control over it as closed corporations or closely controlled entities;

f.      intermingling assets and debts of their own with the Corporate Defendants;

g.      diminishing and/or transferring assets of the Corporate Defendants to protect their own interests; and

h.      other actions evincing a failure to adhere to the corporate form.

57.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

58.     Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

## FACTUAL ALLEGATIONS

*Factual Allegations Pertaining Specifically to Plaintiff Nieves*

59.     Plaintiff Nieves was an employee of Defendants.

60.     Plaintiff Nieves worked as a janitorial worker at Defendants' real estate holding and maintenance companies from approximately January 2013 through and including the present date.

61.     From approximately January 2013 through and including February 2020, Plaintiff Nieves worked six (6) to seven (7) days a week: from approximately 6:00 a.m. to 4:30 p.m., for a total of approximately 10.5 hours each day, and for a total period of approximately 63 to 73.3

hours during each of the weeks, respectively.

62.     From approximately March 2020 through and including May 2020, Plaintiff
Nieves worked seven (7) days a week: from approximately 6:00 a.m. to 11:00 p.m., for a total of
approximately 17 hours each day, and for a total period of approximately 119 hours during each
of the weeks, respectively.

63.     From approximately June 2020 through and including the present date, Plaintiff
Nieves worked six (6) to seven (7) days a week: from approximately 6:00 a.m. to 4:30 p.m., for a
total of approximately 10.5 hours each day, and for a total period of approximately 63 to 73.3
hours during each of the weeks, respectively.

64.     From approximately January 2013 through and including December 2017,
Defendants paid Plaintiff Nieves a fixed salary of $590 per week.

65.     From approximately January 2018 through and including the present date,
Defendants paid Plaintiff Nieves a fixed salary of $700 per week.

*Factual Allegations Pertaining Specifically to Plaintiff Ramirez*

66.     Plaintiff Ramirez was an employee of Defendants.

67.     Plaintiff Ramirez worked as a janitorial worker at Defendants' real estate holding
and maintenance companies from approximately January 2019 through and including the present
date.

68.     From approximately January 2019 through and including the present date, Plaintiff
Ramirez worked five (5) to six (6) days a week as follows: Mondays, Wednesdays and Fridays
from approximately 6:00 a.m. to 5:30 p.m., for a total of approximately 11.5 hours each day, and
Tuesdays, Thursdays, Saturdays and Sundays from approximately 6:00 a.m. to 4:30 p.m., for a
total of approximately 10.5 hours each day, for a total period of approximately 55 to 66 hours

during each of the weeks, respectively.

69.     From approximately January 2019 through and including the present date, Defendants paid Plaintiff Ramirez a fixed salary of $500 per week.

*Factual Allegations Pertaining to all Plaintiffs*

70.     Plaintiffs were primarily responsible for overseeing the general maintenance and repair of, *inter alia,* the residential properties located at or around:

      i.      503 East 73rd Street, New York, NY 10021;

      ii.      507 East 73rd Street, New York, NY 10021;

      iii.      509 East 73rd Street, New York, NY 10021;

      iv.      511 East 73rd Street, New York, NY 10021;

      v.      413 East 70th Street, New York, NY 10021;

      vi.      338 East 65th Street, New York, NY 10021;

      vii.      314 East 78th  Street, New York, NY 10075;

      viii.      318 East 78th  Street, New York, NY 10075;

      ix.      326 East 78th  Street, New York, NY 10075;

      x.      512 East 80th Street, New York, NY 10075;

      xi.      507 East 81st Street, New York, NY 10028;

      xii.      509 East 81st Street, New York, NY 10028;

71.     Plaintiffs' responsibilities as janitorial workers included, *inter alia*: collecting garbage and recycling, sweeping sidewalks, maintaining the cleanliness of the buildings' hallways and common areas, maintaining the cleanliness of the buildings' yards.

72.     Plaintiffs' responsibilities as janitorial workers also required them to perform handyman duties, which included, *inter alia,* changing lightbulbs, painting, plumbing, repairing

bathroom faucets and fixtures, repairing kitchen faucets and fixtures, repairing appliances, and shoveling snow.

73.     Plaintiffs regularly handled goods in interstate commerce, such as cleaning supplies, and garbage bags which were necessary to perform their duties as superintendents.

74.     Plaintiffs' work duties required neither discretion nor independent judgment.

75.     Plaintiffs were required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times their regular rate of pay for those hours.

76.     At all relevant times, Defendants did not compensate Plaintiffs for one hour's pay at the basic minimum hourly wage rate for each day their shift exceeded ten (10) hours.

77.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiffs regarding wages are required under the FLSA or NYLL.

78.     Defendants did not provide Plaintiffs a statement of wages, as required by NYLL 195(3).

79.     Defendants did not give any notice to Plaintiffs of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

80.     At all relevant times, Defendants did not pay Plaintiffs at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

### FLSA COLLECTIVE ACTION ALLEGATIONS

81.     Plaintiffs brings the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to janitorial workers and manual laborers) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

82.     At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

83.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

84.     Plaintiffs reserve the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

### FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

85.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

86.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

87.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

88.     Due to Defendants' violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their

unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

### SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

89.　　Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

90.　　At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

91.　　Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

92.　　Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

93.　　Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

94.　　Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

95.　　Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth

herein.

96.     Defendants willfully and intentionally failed to compensate the Plaintiffs with the applicable minimum hourly wage in violation of the NYLL §650 *et seq.*

97.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiffs.

98.     Due to Defendants' violations of the NYLL, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

99.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

100.    Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

101.    Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

102.    Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

103.    Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

104.    Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to

16

recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**FIFTH CLAIM**
**(NYLL – Spread-of-Hours Pay)**

105.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

106.    Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiffs' shifts spread over more than ten (10) hours.

107.    By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully violated §650 *et seq.* of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

108.    Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**SIXTH CLAIM**
**(NYLL WTPA– Failure to Provide Wage Notices)**

109.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

110.    The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

111.    In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

112.    Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

113.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

114.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

115.    As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

## EIGHTH CLAIM
### (Failure to Pay Timely Wages)

116.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

117.    NYLL § 191(1)(a) prohibits employers from paying manual workers at no less

18

than on a weekly basis.

118.   As described above, throughout their employment with Defendants, Plaintiffs were underpaid their wages each week.

119.   As a result of Defendants' violation of NYLL § 191(1)(a), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-a).

<b>PRAYER FOR RELIEF</b>

**WHEREFORE**, the Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.   authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b.   certification of this case as a collective action pursuant to the FLSA;

c.   issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

d.   declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.   declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f.   declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

g.     declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

h.     awarding Plaintiffs unpaid minimum wages;

i.     awarding Plaintiffs unpaid overtime wages;

j.     awarding Plaintiffs unpaid spread-of-hours pay;

k.     awarding unpaid wages under New York State law for failure to pay timely wages;

l.     awarding Plaintiffs damages for Defendants' retaliatory actions taken in violation of the FLSA;

m.     awarding Plaintiffs damages for Defendants' retaliatory actions taken in violation of the NYLL;

n.     awarding Plaintiffs liquidated damages in an amount equal to the total amount of wages found to be due;

o.     awarding unpaid wages under the NYLL and the New York State contract law;

p.     awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

q.     Awarding Plaintiff Martell compensatory, statutory, punitive and all other damages available;

r.     awarding Plaintiffs pre- and post-judgment interest under the NYLL;

s.     awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of this action; and

t.     Such other relief as this Court deems just and proper.


Dated: New York, New York
          December 14, 2022

                              Respectfully submitted,


                              By:  /s/ Joshua Levin-Epstein
                                   Joshua Levin-Epstein
                                   Jason Mizrahi
                                   Levin-Epstein & Associates, P.C.
                                   60 East 42nd Street, Suite 4700
                                   New York, New York 10165

Tel: (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for the Plaintiffs and proposed FLSA*
*Collection Action Plaintiffs*